IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INFORLIFE SA and<br>WG CRITICAL CARE, LLC,<br><br>          Plaintiffs,<br><br>       v.<br><br>HIKMA PHARMACEUTICALS USA INC.,<br><br>          Defendant. | )<br>)<br>)<br>)<br>)<br>)  C.A. No. _____<br>)<br>)<br>)<br>) |

## COMPLAINT

Plaintiffs InfoRLife SA ("InfoRLife") and WG Critical Care, LLC ("WG Critical Care," and collectively with InfoRLife, "Plaintiffs") file this Complaint for patent infringement against Hikma Pharmaceuticals USA Inc. ("Hikma"), and by their attorneys, hereby allege as follows:

## NATURE OF ACTION

1.      This is an action for patent infringement under the patent laws of the United States, Title 35, United States Code, and for a declaratory judgment of patent infringement under 28 U.S.C. §§ 2201 and 2202, that arises out of Hikma's submission of an Abbreviated New Drug New Drug Application ("ANDA") to the U.S. Food and Drug Administration ("FDA") seeking approval to commercially manufacture, use, offer for sale, sell, and/or import midazolam in 0.9% sodium chloride (50 mg/50 ml and 100 mg/100 ml) solution, for intravenous use ("Hikma's ANDA Product"), a generic version of InfoRLife's midazolam in 0.9% sodium chloride (50 mg/50 ml and 100 mg/100 ml) solution, for intravenous use, prior to the expiration of U.S. Patent No. 10,966,990 (the "'990 Patent" or "the patent-in-suit").

2.      Hikma notified InfoRLife by letter dated November 3, 2021 ("Hikma's Notice Letter") that it had submitted to the FDA ANDA No. 216159 ("Hikma's ANDA"), seeking

approval from the FDA to engage in the commercial manufacture, use, and/or sale of Hikma's

ANDA Product prior to the expiration of the patent-in-suit.

## PARTIES

3.      Plaintiff InfoRLife is a company organized and existing under the laws of

Switzerland, with its principal place of business at Casai, 7748 Campasico, Switzerland. InfoRLife

is the owner by assignment of the '990 Patent.  InfoRLife is the holder of New Drug Application

("NDA") No. 211844 for the sale of midazolam in 0.9% sodium chloride (50 mg/50 ml and

100 mg/100 ml) solution, for intravenous use, which has been approved by the FDA.

4.      Plaintiff WG Critical Care is a limited liability company organized and existing

under the laws of the State of New Jersey, having a principal place of business at 120 Route 17

North, Paramus, New Jersey 07652.  WG Critical Care is the exclusive licensee of the '990 Patent.

5.      Upon information and belief, Hikma is a corporation organized and existing under

the laws of the State of Delaware, having a principal place of business at 200 Connell Drive, 4th

Floor, Berkeley Heights, New Jersey 07922.  On information and belief, Hikma is in the business

of, among other things, manufacturing and selling generic versions of branded pharmaceutical

products for the U.S. market.

## JURISDICTION

6.      Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331, 1338(a), and

2201 and 2202.

7.      Hikma is subject to personal jurisdiction in Delaware because, among other things,

it has purposely availed itself of the benefits and protections of Delaware's laws such that it should

reasonably anticipate being haled into court here.  Upon information and belief, Hikma is a

corporation organized and existing under the laws of the State of Delaware, is qualified to do

business in Delaware, and has appointed a registered agent for service of process in Delaware. It therefore has consented to general jurisdiction in Delaware. In addition, on information and belief, Hikma develops, manufactures, imports, markets, offers to sell, and/or sells generic drugs throughout the United States, including in the State of Delaware, and therefore transacts business within the State of Delaware related to Plaintiffs' claims, and/or has engaged in systematic and continuous business contacts within the State of Delaware.

8.      Hikma has previously used the process contemplated by the Drug Price Competition and Patent Term Restoration Act of 1984, 21 U.S.C. § 355(j) (the "Hatch-Waxman Act"), to challenge branded pharmaceutical companies' patents by filing a certification of the type described in Section 505(j)(2)(A)(vii)(IV) of the Federal Food, Drug, and Cosmetic Act ("FDCA"), 21 U.S.C. § 355(j)(2)(A)(vii)(IV), serving a notice letter on those companies, and engaging in patent litigation arising from the process contemplated by the Hatch-Waxman Act.

9.      Upon information and belief, Hikma, with knowledge of the Hatch-Waxman Act process, directed Hikma's Notice Letter to InfoRLife, and alleged in Hikma's Notice Letter that the patent-in-suit is not infringed. Upon information and belief, Hikma knowingly and deliberately challenged InfoRLife's patent rights, and knew when it did so that it was triggering the forty-five day period for InfoRLife to bring an action for patent infringement under the Hatch-Waxman Act.

10.      Upon information and belief, if Hikma's ANDA is approved, Hikma will directly or indirectly manufacture, market, sell, and/or distribute Hikma's ANDA Product within the United States, including in Delaware, consistent with Hikma's practices for the marketing and distribution of other generic pharmaceutical products. Upon information and belief, Hikma regularly does business in Delaware, and its practices with other generic pharmaceutical products have involved placing those products into the stream of commerce for distribution throughout the

United States, including in Delaware.  Upon information and belief, Hikma's generic pharmaceutical products are used and/or consumed within and throughout the United States, including in Delaware.  Upon information and belief, Hikma's ANDA Product will be prescribed by physicians practicing in Delaware, dispensed by pharmacies located within Delaware, and used by patients in Delaware.  Each of these activities would have a substantial effect within Delaware and would constitute infringement of InfoRLife's patent in the event that Hikma's ANDA Product is approved before the patent-in-suit expires.

11.    Upon information and belief, Hikma derives substantial revenue from generic pharmaceutical products that are used and/or consumed within Delaware, and which are manufactured by Hikma and/or for which Hikma is the named applicant on approved ANDAs. Upon information and belief, various products for which Hikma is the named applicant on approved ANDAs are available at retail pharmacies in Delaware.

12.    In addition, this Court has personal jurisdiction over Hikma because Hikma (f/k/a West-Ward Pharmaceuticals Corp.) has engaged in patent litigation concerning FDA-approved branded drug products in this district, does not contest personal jurisdiction in this district, and has purposefully availed itself of the rights and benefits of this Court by asserting claims and/or counterclaims in this Court or by requesting participation as *amicus curiae* in this Court.  *See, e.g.*, Complaint at 6-13, *Hikma Pharms. USA Inc. et al. v. Aurobindo Pharma Ltd. et al.*, C.A. No. 21-228-CFC (D. Del. Feb. 18, 2021) (asserting claims); D.I. 111, *Takeda Pharms. USA, Inc. v. Mylan Pharms. Inc.*, C.A. No. 19-2216-RGA (D. Del. Jan. 23, 2020) (requesting participation as *amicus curiae*); Complaint at 9-16, *Hikma Pharms. USA Inc. et al. v. Micro Labs Ltd. et al.*, C.A. No. 19-883-CFC (D. Del. May 10, 2019) (asserting claims); Complaint at 6-13, *Hikma Pharms. USA Inc. et al. v. Granules Pharms., Inc., USA*, C.A. No. 18-085-CFC (D. Del.

Jan. 12, 2018) (asserting claims);  Answer at 29-34, *Astellas Pharma Inc. et al. v. Roxane Labs., Inc., et al.*, C.A. No. 17-542-GMS (D. Del. Jun. 23, 2017) (asserting counter-claims);  Answer at 48-73, *Takeda Pharms. USA, Inc. v. West-Ward Pharm. Corp., et al.*, C.A. No. 14-1268-SLR (D. Del. Jan. 12, 2017) (asserting counter-claims).

## VENUE

13.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400(b) because, *inter alia*, Hikma is a corporation organized and existing under the laws of the State of Delaware and is subject to personal jurisdiction in this judicial district.

## FACTUAL BACKGROUND

14.     Midazolam in 0.9% sodium chloride (50 mg/50 ml and 100 mg/100 ml) solution, for intravenous use, is a benzodiazepine indicated for continuous intravenous infusion for sedation of intubated and mechanically ventilated adult, pediatric, and neonatal patients as a component of anesthesia or during treatment in a critical care setting.  InfoRLife sells these products in the United States pursuant to its NDA No. 211844.

15.     In Hikma's Notice Letter, Hikma provided an Offer of Confidential Access to Application ("OCA") to InfoRLife to access certain information from Hikma's ANDA for the purpose of determining whether an infringement action can be brought.  Plaintiffs' counsel obtained access to and reviewed relevant portions of Hikma's ANDA pursuant to the OCA.

16.     Upon information and belief, Hikma's ANDA Product is a generic version of midazolam in 0.9% sodium chloride (50 mg/50 ml and 100 mg/100 ml) solution, for intravenous use.

17.     Plaintiffs are filing this Complaint within forty-five days of receipt of Hikma's Notice Letter.

## COUNT I – INFRINGEMENT OF THE '990 PATENT

18. Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

19. The '990 Patent, entitled "Midazolam in Flexible Bags" (attached as Exhibit A), was duly and legally issued on April 6, 2021.

20. InfoRLife is the owner and assignee of the '990 Patent.

21. WG Critical Care holds an exclusive license to the '990 Patent for the commercial exploitation and sale of midazolam in 0.9% sodium chloride (50 mg/50 ml and 100 mg/100 ml) solution, for intravenous use.

22. In general, the claims of the '990 Patent are directed to a ready-to-use, aqueous midazolam solution in an intravenous laminated flexible plastic bag.

23. Plaintiffs' FDA-approved midazolam in 0.9% sodium chloride (50 mg/50 ml and 100 mg/100 ml) solution, for intravenous use, is covered by the '990 Patent, as recited in one or more claims of the '990 Patent, and the '990 Patent has been listed in connection with midazolam in 0.9% sodium chloride (50 mg/50 ml and 100 mg/100 ml) solution, for intravenous use, in the FDA's Orange Book.

24. In Hikma's Notice Letter, it notified InfoRLife of the submission of Hikma's ANDA to the FDA. The purpose of this submission was to obtain approval under the FDCA to engage in the commercial manufacture, use, offer for sale, and sale and/or importation of Hikma's ANDA Product prior to the expiration of the '990 Patent.

25. In Hikma's Notice Letter, it also notified InfoRLife that, as part of its ANDA, Hikma had filed certifications of the type described in Section 505(j)(2)(A)(vii) of the FDCA, 21 U.S.C. § 355 (j)(2)(A)(vii), with respect to the '990 Patent. On information and belief, Hikma submitted its ANDA to the FDA containing certifications pursuant to 21 U.S.C.

6

§ 355(j)(2)(A)(vii)(IV) asserting that the '990 Patent is invalid, unenforceable, and/or will not be infringed by the manufacture, use, offer for sale, sale, and/or importation of Hikma's ANDA Product.

26.    According to Hikma's Notice Letter, Hikma's ANDA Product is midazolam in 0.9% sodium chloride (50 gm/50 ml and 100 mg/100 ml) solution, for intravenous use, in a flexible plastic IV bag.

27.    Upon information and belief, Hikma's ANDA Product and the use of Hikma's ANDA Product in accordance with its proposed labeling satisfies literally and/or under the doctrine of equivalents each of the limitations of at least claims 1-4, 6-9, and 11-13 of the '990 Patent.

28.    As an example, claim 1 of the '990 Patent recites:

A ready-to-use terminally sterilized, preservative-free aqueous midazolam solution in an intravenous laminated flexible plastic bag, comprising 0.25 to 1.5 mg/ml of midazolam, sufficient tonicity adjusting agent to provide an osmolality of from 260 and 320 mosm/kg and sufficient acid and optionally a base to provide a pH of from about 2.5 to 3.5 with the remainder water for injection;

wherein:

the tonicity adjusting agent comprises at least one selected from the group consisting of sodium chloride, potassium chloride and calcium chloride;

the acid comprises hydrochloric acid;

the base, if present, comprises sodium hydroxide; and

the midazolam content after accelerated storage at 40° C. for six months is greater than 97%

the intravenous laminated flexible plastic bag comprises from 3 to 7 layers and has an innermost layer comprises an ethylene-vinyl acetate coplymer [sic].

29.    Upon information and belief, Hikma's ANDA Product and the use of Hikma's ANDA Product in accordance with its proposed labeling infringes at least claim 1 of the '990 Patent under the doctrine of equivalents.

30. Hikma's submission of Hikma's ANDA for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Hikma's ANDA Product before the expiration of the '990 Patent was an act of infringement of the '990 Patent under 35 U.S.C. § 271(e)(2)(A).

31. Upon information and belief, Hikma will engage in the manufacture, use, offer for sale, sale, and/or importation of Hikma's ANDA Product immediately and imminently upon approval of its ANDA.

32. Upon information and belief, the manufacture, use, sale, offer for sale, or importation of Hikma's ANDA Product would infringe, under the doctrine of equivalents, one or more claims of the '990 Patent.

33. Upon information and belief, the manufacture, use, sale, offer for sale, or importation of Hikma's ANDA Product in accordance with, and as directed by, its proposed labeling would infringe, under the doctrine of equivalents, one or more claims of the '990 Patent.

34. Hikma was aware of the '990 Patent before it submitted its ANDA to the FDA. Upon information and belief, Hikma plans and intends to, and will, actively induce infringement of the '990 Patent when Hikma's ANDA is approved, and plans and intends to, and will, do so immediately and imminently upon approval. Hikma's activities will be done with knowledge of the '990 Patent and specific intent to infringe that patent.

35. Notwithstanding Hikma's knowledge of the claims of the '990 Patent, Hikma has continued to assert its intent to manufacture, offer for sale, sell, distribute, and/or import Hikma's ANDA Product with its product labeling following FDA approval of Hikma's ANDA prior to the expiration of the '990 Patent.

36.     The foregoing actions by Hikma constitute and/or will constitute infringement of the '990 Patent and active inducement of infringement by others of the '990 Patent.

37.     Upon information and belief, Hikma has acted with full knowledge of the '990 Patent and without a reasonable basis for believing that it would not be liable for infringement of the '990 Patent, active inducement of infringement of the '990 Patent, and/or contribution to the infringement by others of the '990 Patent.

38.     Plaintiffs will be substantially and irreparably damaged by infringement of the '990 Patent.

39.     Unless Hikma is enjoined from infringing the '990 Patent and actively inducing infringement of the '990 Patent, Plaintiffs will suffer irreparable injury.  Plaintiffs have no adequate remedy at law.

## COUNT II – DECLARATORY JUDGMENT OF INFRINGEMENT OF THE '990 PATENT

40.     Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

41.     The Court may declare the rights and legal relations of the parties pursuant to 28 U.S.C. §§ 2201 and 2202 because there is a case of actual controversy between Plaintiffs on the one hand and Hikma on the other regarding Hikma's infringement and active inducement of infringement of the '990 Patent.

42.     The Court should declare that the commercial manufacture, use, sale, offer for sale or importation of Hikma's ANDA Product with its proposed labeling, or any other Hikma drug product that is covered by or whose use is covered by the '990 Patent, will infringe and induce the infringement of the '990 Patent.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request the following relief:

A.      A judgment that the patent-in-suit has been infringed under 35 U.S.C. § 271(e)(2) by Hikma's submission to the FDA of Hikma's ANDA;

B.      A judgment ordering that the effective date of any FDA approval of commercial manufacture, use, or sale of Hikma's ANDA Product, or any other drug product that infringes or the use of which infringes the patent-in-suit, be not earlier than the expiration dates of said patent, inclusive of any extension(s) and additional period(s) of exclusivity;

C.      A preliminary and permanent injunction enjoining Hikma, its officers and directors, and all persons acting in concert with Hikma, from the commercial manufacture, use, sale, offer for sale, or importation into the United States of Hikma's ANDA Product, or any other drug product covered by or whose use is covered by the patent-in-suit, prior to the expiration of said patent, inclusive of any extension(s) and additional period(s) of exclusivity;

D.      A judgment declaring that the commercial manufacture, use, sale, offer for sale or importation of Hikma's ANDA Product, or any other drug product which is covered by or whose use is covered by the patent-in-suit, prior to the expiration of said patent, will infringe and induce the infringement of said patent;

E.      A declaration that this is an exceptional case and an award of attorneys' fees pursuant to 35 U.S.C. § 285;

F.      Costs and expenses in this action; and

G.      Such further and other relief as this Court may deem just and proper.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jack B. Blumenfeld*

OF COUNSEL:

Jack B. Blumenfeld (#1014)
1201 North Market Street
Steven Lieberman
P.O. Box 1347
Jennifer Nock
Wilmington, DE  19899
Caitlin M. Wilmot
(302) 658-9200
ROTHWELL, FIGG, ERNST & MANBECK, P.C.
jblumenfeld@morrisnichols.com
607 14th Street, N.W., Suite 800
Washington, DC  20005
(202) 783-6040

*Attorneys for Plaintiffs*

December 16, 2021

11